UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LENA PETERS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>USAA GEN. INDEM. CO.,<br><br>　　　　　Defendant. | 4:24-CV-04147-RAL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>DOCKET NO. 47 |

## INTRODUCTION

Previously, this court decided plaintiff's motion to compel defendant to provide certain discovery. See Docket No. 42 (granting in part and denying in part Docket No. 23). Thereafter, plaintiff moved this court for an award of attorney's fees as sanctions for having to bring the motion to compel. Docket No. 47. Defendant objects in part to plaintiff's request. Docket No. 50.

## DISCUSSION

The parties agree in theory on the method to be used to calculate plaintiff's attorney's fee award—they both discuss the lodestar method. The lodestar is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v.

Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983) (citing the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106). "[T]he most critical factor is the degree of success obtained." Id. at 436.

Plaintiff initially requested a total award of $11,511.55 in attorney's fees and sales tax.  Docket No. 48 at 1.  Defendant objected to awarding plaintiff fees on the whole of all the work done on the motion to compel because plaintiff was only partially successful in that motion.  Docket No. 50.  Additionally, defendant objected to awarding any attorney's fees for the prerequisite meet-and-conferral process required by both Fed. R. Civ. P. 37(a)(1) and DSD LR 37.1.  Id.

In her reply brief, plaintiff concedes these points and reduces her fee request proportionally to the success obtained on the motion.  Docket No. 51.  In addition, plaintiff removed any request for attorney's fees for fulfilling her obligation to meet and confer with defendant prior to filing the discovery motion.  Id.  Plaintiff's revised request for fees as stated in her reply brief is $7,865.77.  Docket No. 51 at 4.  Plaintiff rejected defendant's suggestion that there is undue duplication in her fee request, noting that attorney Daniel Brendtro is attorney Benjamin Hummel's supervising attorney.  Id. at 2-3.

The hourly rates requested for both attorneys are reasonable.  The court finds, however, that there is some unreasonable duplication of time.  For example, after attorney Hummel spent 15.8 hours drafting the initial motion and supporting documents, he and attorney Brendtro met for 2 hours to review and discuss the same.  See Docket No. 51 at 5 (Apr. 25, 2025 entries).  Two hours seems excessive and especially so when both attorneys billed for the same time.  The court reduces this entry to 1 hour for each attorney.

Similarly, attorney Brendtro spent 2.5 hours reviewing a reply brief that attorney Hummel has spent 13 hours drafting. Id. at 5 (June 10, 2025 entries). The court reduces Brendtro's review time to 1 hour.

Thus, the court reduces plaintiff's revised request for attorney's fees downward by $915.00 ($350 x 2; $215 x 1). There is a corresponding reduction in the sales tax for those fees at the rate of 6.2%, which equates to a further reduction of $56.73. Subtracting $971.73 ($915 + $56.73) from plaintiff's requested fee of $7,865.77 leaves an award of attorney's fees and sales tax of $6,894.04.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is:

ORDERED that Ms. Peters' motion for attorney's fees [Docket No. 47] is granted in part and denied in part in accordance with this opinion. Defendant must remit to plaintiff's counsel the sum of **$6,894.04 within 30 days** from the date of this opinion.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v.

5

Becerra, 73 F.4th 966, 972–73 (8th Cir. 2023). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357–58 (8th Cir. 1990).

DATED this 3rd day of October, 2025.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge