UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LENA PETERS,<br>Plaintiff,<br>vs.<br><br>USAA GEN. INDEM. CO.,<br>Defendant. | 4:24-CV-04147-RAL<br>AMENDED<br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br>DOCKET NO. 74 |

Previously, this court decided plaintiff's motion to compel defendant to provide certain discovery. See Docket No. 73 (granting in part and denying in part Docket No. 23). Thereafter, plaintiff moved this court for an award of attorney's fees as sanctions for having to bring the motion to compel. Docket No. 74. Defendant had 14 days to object to this court's order granting in part and denying in part the motion to compel. The time for filing objections has passed and defendant filed no objections. Defendant did timely file a response to plaintiff's motion for fees. See Docket No. 78.

The court has reviewed plaintiff's motion and the supporting documents and applied the lodestar method of determining the reasonableness of the request (hours reasonably expended multiplied by the reasonable hourly rates). Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248

F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Plaintiff's hourly rates are reasonable, as are the hours. The court notes that plaintiff voluntarily reduced the hours requested in view of the fact that plaintiff was not wholly successful on her motion to compel. See Docket No. 75 at 1. The court finds the fees requested of $6,484.57 to be reasonable.

USAA's main objection to awarding plaintiff fees is the assertion that its position in opposing the discovery was substantially justified. See Docket No. 78; Fed. R. Civ. P. 37(a)(5)(ii). In ruling on plaintiff's motion, the court adopted USAA's argument as to the appropriate time span, but otherwise granted plaintiff's motion to compel responses to interrogatories 6, 7, 8, 9 & 10. USAA argued it need not provide responses to these interrogatories because documents it had already provided supplied the information. The court disagreed and ordered USAA to answer the interrogatories.

As to RFP 19 & 20, the court adopted USAA's position that financial information for parent and sister companies need not be provided. The court

granted plaintiff's motion to compel documents in response to RFP 21, 22 & 23.

The court finds that plaintiff prevailed on the majority of the matters that were before the court. The only arguments USAA prevailed on were limiting the time span for requested discovery to the date plaintiff filed her complaint and the financial discovery for parent and sister entities. The court repeatedly rejected USAA's assertion that its provision of previous documents relieved it of the obligation to provide additional discovery to plaintiff. The court concludes that, inasmuch as the court granted most of what plaintiff requested in her motion, USAA's position in resisting the discovery was not substantially justified. On those matters on which USAA did prevail, the court finds that plaintiff adjusted her requested fees appropriately.

Accordingly, it is hereby

ORDERED that plaintiff's motion for attorney's fees [Docket No. 74] is granted. Defendant shall pay within 30 days to plaintiff's attorneys the sum of $6,484.57 (consisting of $6,106.00 in attorney's fees and $378.57 in South Dakota sales tax).

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good

cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972–73 (8th Cir. 2023). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357–58 (8th Cir. 1990).

DATED this 17th day of November, 2026.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge